## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Jeremy Molinar, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: 4:13-cv-00305 |
| v. | : |
| | : **COMPLAINT** |
| Lexington Law Firm, | : |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Jeremy Molinar, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.     This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

5.     Plaintiff, Jeremy Molinar ("Plaintiff"), is an adult individual residing in Fort Worth, Texas.

6.     Defendant, Lexington Law Firm ("Lexington"), is a Utah business entity with an

address of 360 North Cutler Drive, North Salt Lake, Utah 84054.

## FACTS

7.     In February 2012, Defendant began placing up to three calls a week to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice in an attempt to offer its services to Plaintiff.

8.     When Plaintiff answered the calls from Defendant, he heard a prerecorded message delivered by Defendant.

9.     Soon thereafter, Defendant proceeded to send text messages to Plaintiff's cellular telephone offering its services to Plaintiff.

10.     At the end of February, 2012, Plaintiff returned Defendant's calls and informed Defendant that he was not interested in Defendant's services and requested that Defendant cease contacting him on his cell phone, thereby revoking any alleged prior consent to engage in such contact.

11.     However, Defendant continued to place approximately four Robocalls a week to Plaintiff's cell phone until April 2012.

12.     Defendant also continued to send text messages to Plaintiff's cell phone.

13.     In April 2012, Plaintiff again requested that Defendant cease sending text messages.  Despite Plaintiff's request, Defendant sent at least two more text messages to Plaintiff.

14.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

2

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

18.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19.     Defendant placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent

pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing

pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 12, 2013

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff